UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LUIS GERARDO GARCIA　　　　　　　　　　　　　　　PETITIONER
REG. #95616-279

VS.　　　　　　　　　2:18-CV-00054-JTR

GENE BEASLEY, Warden,
FCI – Forrest City　　　　　　　　　　　　　　　　RESPONDENT

# ORDER OF DISMISSAL[1]

## I. Introduction

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus filed by Petitioner, Luis Gerardo Garcia ("Garcia"), who was incarcerated at the Forrest City, Arkansas, Federal Correctional Institution when he filed his Petition.[2] *Doc. 1*. In the petition, Garcia challenges his conviction, pursuant to a guilty plea, and the sentence imposed by the United States District Court for the Southern District of Texas (Brownsville Division). *United States v. Garcia*, 1:11-CR-00636 ("*Garcia I*"). The relevant facts supporting Garcia's collateral attack on his federal conviction and sentence are set forth below.

---

[1] The parties consented to a United States Magistrate Judge to conduct all proceedings in this case, including the entry of a final judgment. *Doc. 7*.

[2] Garcia has since been moved to the Giles W. Darby Correctional Institution in Post, Texas. *Doc. 9 at 1*.

On November 9, 2011, Garcia pled guilty to possession with intent to distribute more than 5 kilograms of cocaine. On February 14, 2012, Garcia was sentenced to imprisonment for 175 months. *Doc. 9-1* (*Garcia I* Judgment). Garcia did not file a direct appeal challenging either his conviction or sentence.

On March 25, 2013, Garcia filed a motion to vacate his sentence in *Garcia I* pursuant to 28 U.S.C. § 2255. *Doc. 9-2*. Garcia argued his counsel was ineffective because: (1) Garcia did not understand the plea agreement; (2) Garcia was innocent of the charges to which he pled guilty; (3) Garcia's counsel did not investigate the facts with due diligence; (4) Garcia's sentence was improperly enhanced. On November 19, 2013, the *Garcia I* court dismissed Garcia's § 2255 motion as time-barred. *Doc. 9-3*.

Garcia attempted to appeal the denial of § 2255 relief to the Fifth Circuit. However, the appeal was dismissed for failure to prosecute after Garcia failed to timely comply with the requirements for a certificate of appealability. *Doc. 9-4*.

As Garcia points out in his Response, he also attempted, unsuccessfully, to file an out of time appeal of the denial of his § 2255 Motion and requested permission to file a Second or Successive § 2255 Motion.

On March 30, 2018, Garcia filed the § 2241 habeas action now before this Court. In his § 2241 petition, he contends: (1) his defense counsel has a non-waivable conflict of interest due to the "collateral waiver" provision in his plea

agreement, which prevented him from pursuing a § 2255 proceeding challenging his counsel's effectiveness; (2) the government committed fraud by placing the non-waivable conflict of interest provision in the plea agreement.

Respondent has filed a Motion to Dismiss Garcia's Petition contending that this Court lacks subject matter jurisdiction to consider Garcia's § 2241 Petition. Garcia has filed a Response opposing Respondent's Motion to Dismiss. *Doc. 14*. Thus, the issues are joined and ready for resolution.

## II. Discussion

Jurisdiction over a federal prisoner's collateral attack on his conviction or sentence is governed by the well-recognized distinction between claims that attack the *validity* of a federal conviction or sentence, and claims that challenge the *execution* of a federal sentence. As a general rule, collateral challenges to a federal conviction or sentence *must* be raised in a motion to vacate filed in the *sentencing court* under 28 U.S.C. § 2255, rather than by a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah v. Hedrick,* 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 motion attacks the validity of the conviction or sentence, it is "a further step in the movant's criminal case," and subject matter jurisdiction lies with the court which convicted and sentenced the federal prisoner. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

A limited exception to this rule is found in the "savings clause" of § 2255(e), which permits a federal court in the district of incarceration to entertain a § 2241 habeas petition challenging the validity of a conviction or sentence *only if* the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Hill v. Morrison,* 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court *only if* the remedies in the sentencing district are inadequate or ineffective. A petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Lopez-Lopez*, 590 F.3d at 907; *Hill,* 349 F.3d at 1091.

Garcia argues that he has demonstrated "that relief under § 2255 is not available to him." While this appears to be true, it has no bearing on whether Garcia is entitled to the benefit of the "savings clause." For Garcia to pursue a collateral attack on his federal conviction under § 2241, "more is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion." *United States v. Lurie,* 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied;" (2) the "petitioner has been denied permission to file a second or successive § 2255 motion;" (3) "a second or successive § 2255 motion has been dismissed"; or (4) the "petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.*

4

In addition, the Eighth Circuit has consistently held that the "savings clause" may not be invoked to raise an issue under § 2241 which *could have been*, or actually was, raised in a direct appeal or a § 2255 motion in the sentencing district. *Lopez-Lopez*, 590 F.3d at 907; *Hill*, 349 F.3d at 1092; *Nichols v. Symmes*, 553 F.3d 647, 650 (8th Cir. 2009).

Garcia also argues that his § 2255 remedy was "inadequate or ineffective" because he is actually innocent. *Doc. 14 at 5*. However, Garcia fails to present any evidence or argument to support this bare assertion. He also suggests that he may be factually innocent due to a change in the law, but he fails to identify any change to the law impacting his 2011 drug conviction. Finally, even *if* Garcia could identify some support for his actual innocence claim, he fails to show why he lacked the opportunity to present that claim to the court that convicted and sentenced him. *See Abdullah v. Hedrick*, 392 F.3d 957, 962 (8th Cir. 2004) (even if petitioner seeking to prove that § 2255 was inadequate or ineffective to test the legality of his conviction had a viable claim of actual innocence, he could not use § 2241 to present his claims unless "the petitioner had not had an earlier procedural opportunity to raise the claim.").

Garcia's challenges to his conviction, based on the collateral waiver in his plea agreement, could have been raised in a timely filed § 2255 proceeding, in which case the sentencing court would have addressed whether the collateral waiver

provision in the plea agreement was valid and enforceable. Similarly, any claims of actual innocence could have been maintained in a timely § 2255 motion. Garcia has failed to satisfy his burden to establish that his § 2255 remedy, which he pursued unsuccessfully in *Garcia I*, was inadequate or ineffective to challenge the validity of his conviction and sentence.

### III. Conclusion

This Court lacks subject matter jurisdiction, under 28 U.S.C. § 2241, to consider Garcia's challenge to his conviction and sentence imposed by the United States District Court for the Southern District of Texas in *Garcia I*.

IT IS THEREFORE ORDERED THAT Defendant Gene Beasley's Motion to Dismiss, *Docket No. 9*, is GRANTED. Petitioner Luis Gerardo Garcia's Petition for a Writ of Habeas Corpus, *Doc. 1*, is DISMISSED, without prejudice.

Dated this 4th day of September, 2018.

_____
UNITED STATES MAGISTRATE JUDGE